**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| ARGELIO GARRIDO, )<br>)<br>Petitioner, )<br>v. )<br>)<br>SUPERINTENDENT, Plainfield )<br> Correctional Facility, )<br>)<br>Respondent. ) | No. 1:05-cv-852-SEB-VSS |

**Entry Discussing Petition for Writ of Habeas Corpus**

      The petition of Argelio Garrido ("Garrido") for a writ of habeas corpus is **denied** and this action is **dismissed with prejudice.** This disposition is based on the following facts and circumstances:

      1.     Garrido is confined at an Indiana prison. He seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) with respect to his convictions for Class A felony dealing in cocaine and for possession of cocaine. Garrido's convictions were affirmed on direct appeal in *Garrido v. State,* No. 34A02-9908-CR-584 (Ind.Ct.App. May 8, 2000)(*Garrudi I*). The trial court's subsequent denial of Garrido's petition for post-conviction relief was affirmed on appeal in *Garrido v. State,* Cause No. 34A02-0409-PC-00759 (Ind.Ct.App. 2005)(*Garrido II*).

      2.     Garrido seeks federal habeas corpus relief based on his claims that: (1) the trial court improperly used the amount of cocaine with which Garrido was arrested as an aggravating circumstance; and (2) appellate counsel rendered ineffective assistance by failing to raise the aforementioned claim on direct appeal. These claims were presented in *Garrido II.* The Indiana Court of Appeals found that the first claim had been waived, id.  at p. 4, and that, even though the trial court had improperly considered the amount of cocaine as an aggravating factor, it had imposed a sentence less than the presumptive sentence of 30 years for a Class A felony. In fact, Garrido had received an executed sentence of 20 years, which was the minimum he could have received for a Class A felony conviction, so he was not prejudiced by the trial court's error and was also not prejudiced by the failure of counsel to raise this error in *Garrido I.*

    3.    The first finding recited above amounts to a finding of procedural default, *Conner v. McBride,* 375 F.3d 643, 648 (7th Cir. 2004); *Dellinger v. Bowen,* 301 F.3d 758, 764 (7th Cir. 2002), *cert. denied,* 537 U.S. 1214 (2003), and Garrido has not attempted to overcome this default other than through his second claim. The first claim, therefore, is waived.

    4.    As to the second claim, to support an ineffective assistance of counsel claim under *Strickland,* Garrido must show (1) that counsel's performance fell below an objective standard of reasonableness and (2) the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 695. A failure to establish either prong would result in a denial of Garrido's claim. *See Rastafari v. Anderson,* 278 F.3d 673, 688 (7th Cir. 2001). The standard for judging a claim of ineffective assistance of counsel is the same for both trial and appellate lawyers. *Matire v. Wainwright,* 811 F.2d 1430, 1435 (11th Cir. 1987). The first prong is satisfied by a showing that counsel's performance fell below the "objective standard of reasonableness" guaranteed under the Sixth Amendment. *Barker v. United States,* 7 F.3d 629, 633 (7th Cir. 1993) (quoting *Strickland*, 466 U.S. at 688). The prejudice prong of *Strickland* requires petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.,* 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

    a.    The Indiana Court of Appeals recognized the *Strickland* standard, *Garrido II,* at pp. 5-6, and did not apply that standard in a manner contrary to that standard, nor did its decision constitute an objectively unreasonable application of *Strickland*. In the circumstances of this case, this conclusion was sound, and the supporting analysis is entirely in accord with the Supreme Court's decisions explaining that:

> As a general matter, a defendant alleging a Sixth Amendment violation must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

*Mickens v. Taylor,* 122 S. Ct. 1237, 1240 (2002) (quoting *Strickland,* 466 U.S. at 694).

    b.    It has been noted that "only a clear error in applying *Strickland's* standard would support a writ of habeas corpus." *Holman v. Gilmore,* 126 F.3d 876, 882 (7th Cir. 1997). While such errors do occur, *e,g., Brown v. Sternes,* 304 F.3d 677 (7th Cir. 2002); *Roche v. Davis*, 291 F.3d 473, 483-84 (7th Cir. 2002), no such error occurred in Garrido's case.

    c.    Garrido contends that he was denied the effective assistance of counsel in his direct appeal because the trial court's error in considering the amount of cocaine in his possession, which was an element of the offense of dealing in cocaine, was considered as an aggravating factor. Garrido is correct as to the existence and nature of the trial court's error, which was fully recognized by the post-conviction

court and in *Garrido II*. Nonetheless, the existence of this error does not lead to the conclusion that Garrido was denied the effective assistance of counsel when it was not raised in his direct appeal. On the contrary, as recounted in paragraph 2 of this Entry, because Garrido received the minimum executed sentence he could have received for a Class A felony conviction he was not prejudiced by the trial court's error and was also not prejudiced by the failure of counsel to raise this error in his direct appeal, because to have asserted the error in his direct appeal would not have changed the outcome.

5.   This court has carefully reviewed the state record in light of Garrido's claims and has given such consideration to those claims as the limited scope of its review in a habeas corpus proceeding permits. "A defendant whose position depends on anything other than a straightforward application of established rules cannot obtain a writ of habeas corpus." *Liegakos v. Cooke,* 106 F.3d 1381, 1388 (7th Cir. 1997). No such established rules entitle Garrido to relief in this action. His petition for a writ of habeas corpus is therefore **denied.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:  04/25/2006

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana